Art BICKEL, Plaintiff-Appellant,

v.

Myrl W. DEITCH, Defendant-Appellee.

No. 57A03-8804-CV-114.

Court of Appeals of Indiana, Third District.

Jan. 16, 1989.

Rehearing Denied March 17, 1989.

Michael F. DeBoni, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for plaintiff-appellant.

William J. Nye, Elkhart, for defendant-appellee.

GARRARD, Presiding Judge.

Bickel sued Deitch to recover on a guaranty. The trial court granted summary judgment for Deitch and Bickel appeals.

In 1982 Deitch–Stewart Company, Inc. entered into a contract with Bickel. In return for Bickel's promise of non-competition for a six year period the corporation promised to pay him $360,000 at the rate of $5,000 per month, commencing October 1, 1982. At the same time Deitch executed and delivered the personal guaranty now in question.

The corporation made its payments under the agreement through December 1, 1986 and then notified Bickel it would make no further payments. It did not, and in February 1987, Bickel commenced suit to recover the $105,000 remaining unpaid. Subsequently, both sides moved for summary judgment.

The pertinent language of the guaranty provides:

> This guaranty is expressly limited to fifty percent (50%) of the payments provided for by said agreement, and the personal liability of the undersigned [appellee herein] shall in no event exceed said amount.

The trial court determined that the agreement was unambiguous and that as a matter of law it only guaranteed that the principal debtor would pay fifty percent (50%) of the obligation. Since more than that had been paid, it concluded Bickel was entitled to no relief and entered summary judgment accordingly. We disagree.

The law applicable to guaranty agreements has been summarized recently in *Goeke v. Merchants Nat. Bank & Trust Co.* (1984), Ind.App., 467 N.E.2d 760, 764–65, and need not be repeated here. It is sufficient to note that it is governed by the general law of contracts. The question becomes whether reasonably intelligent persons could arrive at different conclusions as to the meaning of the contract. If not, the court shall apply the provision according to its plain meaning. If differing conclusions could be reached by reasonable persons then the court must construe the agreement in light of extrinsic evidence as to what was intended and according to our accepted rules of construction. *Colonial Mtg. Co. of Ind., Inc. v. Windmiller* (1978), 176 Ind.App. 535, 376 N.E.2d 529, 531–32.

The trial judge determined that the reference to "payments" in the clause "[t]his guaranty is expressly limited to fifty percent (50%) of the payments provided for by said agreement" meant that the limitation on liability became operative once the principal debtor had made at least half the payments called for in the principal contract. That is a reasonable interpretation of the language employed. Thus, the question to be initially determined is whether reasonable minds might find a different meaning and intention.

It is, of course, well accepted that courts are to give effect to the intentions of the parties, which are to be ascertained from the language employed in light of the surrounding circumstances. *Goeke*, 467 N.E. 2d at 765.

Here the purpose of the guaranty contract was clearly to provide a separate assurance to Bickel that the corporation would honor its agreement through Deitch's promise to be responsible for the corporation's obligation. Secondly, the purpose was clearly to limit Deitch's personal liability to one half of the amount called for by the contract. The question is whether the limitation was intended only to control how much Deitch might be required

to pay ($180,000) or whether it was also intended to limit the basis for his liability (whether the principal debtor had paid half the debt).

We believe the language employed is clearly susceptible to either interpretation. "Fifty percent of the payments provided for by said agreement" literally equates to $180,000. Thus, it would also be exactly within the terms of the agreement to find that if the corporation paid fifty percent, Deitch would be personally liable for the remaining fifty percent. Nor is that conclusion altered by the remainder of the provision which merely states that in no event shall Deitch's personal liability exceed "said amount." Furthermore, we believe that in the absence of explicit language to the contrary, reasonable persons would ordinarily contemplate that such limitations in a guaranty agreement were intended to merely limit the liability of the promisor rather than as a guaranty of part performance by the third party whose obligation is being guaranteed.

In the present case the parties are in agreement that there is no extrinsic evidence which would further define their intent in the guaranty provision.[1]

Thus, in the face of the ambiguity we should construe the provision against Deitch, the party who drafted the agreement. *Colonial Mortgage, supra,* 376 N.E.2d at 532.

It follows that summary judgment for Deitch was in error and that on the undisputed facts Bickel is entitled to judgment.

Reversed and remanded with instructions to grant summary judgment in favor of appellant.

CONOVER, P.J., and STATON, J., concur.

---

1. Deitch's affidavit, Transcript, p. 67. Bickel's reply brief takes the same position.